UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE MCCARTHY,**
*individually and on behalf of*
*a class of similarly situated persons,*

    *Plaintiff,*

v.                                              Case No.: 8:24-cv-02916-JLB-AAS

**DATAX, LTD., FINSANA, LLC,**
**MICHAEL D'AMBROSE, NCR**
**FINANCIAL SERVICES, INC.,**
**STRATEGIC SOLUTIONS SERVICES,**
**d/b/a ARROW MOUNTAIN FUNDING,**
*and* **THE FIRST NATIONS LENDERS'**
**AUTHORITY,**

    *Defendants.*
_____/

**PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT**
**AGAINST DEFENDANT STRATEGIC SOLUTIONS SERVICES,**
**d/b/a ARROW MOUNTAIN FUNDING AND TO STAY DEADLINE FOR**
**DEFAULT JUDGMENT UNDER LOCAL RULE 1.10(c)**

Plaintiff, Michelle McCarthy, pursuant to Federal Rule of Civil Procedure 55(a), respectfully requests that the Clerk enter default against Defendant Strategic Solutions Services, d/b/a Arrow Mountain Funding ("Strategic Solutions Services"). Plaintiff further requests the deadline to apply for default judgment per Local Rule 1.10(c) be stayed until this matter is resolved on its merits with the non-defaulting co-defendants. In support of this Motion, Plaintiff states as follows:

1. Plaintiff filed her Class Action Complaint (ECF No. 1) on December 18, 2024, therein naming six defendants: DataX, Ltd. ("DataX"), Finsana, LLC

("Finsana"), Michael D'Ambrose ("D'Ambrose"), NCR Financial Services, Inc. ("NCR"), Strategic Solutions Services, d/b/a Arrow Mountain Funding ("Strategic Solutions Services" or "Arrow Mountain Funding"), and The First Nations Lenders' Authority ("The FNLA"). Plaintiff's Complaint alleges, among other claims, that each Defendant violated the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d).

2. Defendant Strategic Solutions Services is registered with the Quebec *Registraire Des Enterprises*, with Kirby DeLisle identified as its officer.

3. Quebec is located within Canada, a signatory to the Hague Convention. Accordingly, service on Strategic Solutions Services must be made pursuant to the Hague Convention. *See, e.g., Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.")

4. Article 10(b) of the Hague Convention allows personal service on any individual if the signatory nation hasn't objected. Canada has not objected. *See Tekno Prods., Inc. v. Glove Trends, Inc.,* No. CV 19-91 (SDW) (LDW), 2019 WL 4228685, at *3 (D.N.J. July 26, 2019) (report and recommendation adopted) ("There is no dispute that the Hague Convention authorizes personal service by a huissier/bailiff in Quebec.").

5. On March 27, 2025, Pietro Macera, a judicial bailiff with Etude Pietro Macera Inc., served Strategic Solutions Services by delivering a copy of the Complaint and Amended Summons to Kirby DeLisle, who "identified herself by means of verbal

confirmation." An Amended Affidavit of Service (amended to correct a typographical error as to the date served) was filed on May 1, 2025. ECF No. 40.

6. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant has 21 days to file an answer or other response to the complaint. Strategic Solutions Services' response was thus due on or before April 17, 2025.

7. As of May 14, 2025, no answer or response has been filed on behalf of Strategic Solutions Services.

8. Accordingly, Plaintiff requests entry of default against Strategic Solutions Services.

9. Local Rule 1.10(c) requires an application for default judgment on a defaulted defendant within 35 days of the entry of default. However, Plaintiff's Complaint alleges violations of RICO. RICO violations may result in joint and several liability amongst each member of the RICO enterprise. *See Sihler v. Glob. E-Trading, LLC*, No. 8:23-CV-1450-VMC-JSS, 2024 WL 3771717, at *9 (M.D. Fla. Aug. 13, 2024) (*citing United States v. Philip Morris USA*, 316 F. Supp. 2d 19, 27 (D.D.C. 2004) ("Every circuit in the country that has addressed the issue has concluded that the nature of both civil and criminal RICO offenses requires imposition of joint and several liability because all defendants participate in the enterprise responsible for the RICO violations.")).

10. In matters involving potential joint and several liability, where one defendant has defaulted, but the co-defendants have not, entry of default judgment is inappropriate until the matter has been resolved on its merits, to "avoid inconsistent

judgments." *See Staton v. Pro Quality Concrete, Inc.*, No. 3:11-CV-1142-J-12JRK, 2012 WL 3746009, at *2 (M.D. Fla. Aug. 2, 2012), *report and recommendation adopted*, No. 3:11-CV-1142-J-12JRK, 2012 WL 3762518 (M.D. Fla. Aug. 29, 2012) ("Entry of a default judgment, however, may be inappropriate if it will result in inconsistent judgments."); *See also, Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872); *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps.,* 740 F.2d 1499, 1512 (11th Cir.1984).

11. Accordingly, to avoid excessive litigation on the issue of joint and several liability and potential inconsistent judgments, should Clerk's default be entered against Strategic Solutions Services, Plaintiff requests that her deadline to apply for a default judgment be stayed until this matter and any appeals thereof have been resolved on the merits with respect to all non-defaulting Defendants.

WHEREFORE, Plaintiff respectfully requests entry of Clerk's default against Defendant Strategic Solutions Services, d/b/a Arrow Mountain Funding, and further requests her deadline to apply for a Default Judgment be stayed until the matter, including any appeals thereof, is otherwise resolved on its merits.

### 3.01(g) Certification

Pursuant to Local Rule 3.01(g), on May 14, 2025, counsel for Plaintiff contacted counsel for DataX and counsel for Finsana, D'Ambrose and NCR, to confer as to whether the requested relief is opposed.

DataX takes no position as to Plaintiff's request for a Clerk's default against Strategic Solutions Services but agrees with Plaintiff's request to stay the deadline for a default judgment should default be entered.

Defendants NCR, Finsana, and D'Ambrose indicated that they take no position as to Plaintiff's requested relief.

*/s/ Bryan J. Geiger, Esq.*
Bryan J. Geiger, Esq.
Florida Bar # 119168

Respectfully submitted on May 16, 2025, by:

*/s/ Bryan Geiger*
Bryan J. Geiger
Florida Bar Number: 119168
Seraph Legal, P. A.
2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
(813) 321-2348
BGeiger@SeraphLegal.com
*Counsel for Plaintiff*
