UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE MCCARTHY,**

    **Plaintiff,**

v.                                                           **Case No.: 8:24-cv-02916-JLB-AAS**

**DATAX, LTD., et al.,**

    **Defendants.**
_____/

## ORDER

Plaintiff Michelle McCarthy requests entry of clerk's default against Defendant Strategic Solutions Services, d/b/a Arrow Mountain Funding (Strategic Solutions Services). (Doc. 41).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The plaintiff filed her complaint with the defendant on December 18, 2024. (Doc. 1). Federal Rule of Civil Procedure 4(f)(1) permits serving an individual in a foreign country "by any intentionally agreed means of service . . . such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). The United States and Canada are signatories to the Hague

1

Convention. "There is no dispute that the Hague Convention authorizes personal service by a huissier/bailiff[.]" *Tekno Prods., Inc. v. Glove Trends, Inc., et al.*, No. CV 19-91 (SDW)(LDW), 2019 WL 4228685, at *3 (D.N.J. July 26, 2019), *report and recommendation adopted*, No. 19-91 (SDW)(LDW), 2019 WL 4220901 (D.N.J. Sept. 5, 2019). A judicial bailiff served a copy of the summons and complaint on an officer of Strategic Solutions Services on March 27, 2025. (Doc. 40). Accordingly, service is proper, and entry of clerk's default is warranted. Fed. R. Civ. P. 4(f)(1).

In a lawsuit involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, the preferred practice in multi-defendant actions where only some defendants are in default is to withhold granting a default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants. *N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) (internal quotation marks and citations omitted). Courts take this approach to avoid inconsistent judgments. *See, e.g.*, *Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)); *Northfield Ins. Co. v. Browning Timber & Saw Mill, LLC,* No. 4:17-cv-01236-

ACA, 2018 WL 3135970, at *2 (N.D. Ala. June 27, 2018); *Zurich Am. Ins. Co. v. Ednic Trading Corp.*, No. 13-62229-CIV, 2014 WL 869216, at *1 (S.D. Fla. Mar. 5, 2014) (citations omitted).

Because RICO claims often result in joint and several liability, a default judgment in a RICO case may result in inconsistent judgments. *See United States v. Philip Morris USA*, 316 F. Supp. 2d 19, 27 (D.D.C. 2025); *see also Vick v. Wong*, 263 F.R.D. 325, 332 (E.D. Va. 2009) (explaining that, when multiple defendants are jointly and severally liable, an inconsistent judgment might result if one defendant successfully defended on the merits while default judgment was entered against another defendant). Accordingly, for the reasons stated above, Ms. McCarthy's request for entry of clerk's default (Doc. 41) is **GRANTED**. The Clerk is **DIRECTED** to enter default against Strategic Solutions Services. Further, Ms. McCarthy's request for a stay of the deadline to apply for default judgment against Strategic Solutions Services until this matter and any appeals are resolved (Doc. 41) is **GRANTED**.

**ORDERED** in Tampa, Florida on May 30, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3